IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

STEVEN LECKLITNER,

    Plaintiff,

vs.

**04-10042**

Lieutenant ROGER WAGNON individually, and in his official capacity as a police officer for the City of Key West, CHRISTOPHER GANEM individually, and in his official capacity as a police officer for the City of Key West, DONNA WAGNON individually and in her official capacity as a police officer for the City of Key West, and THE CITY OF KEY WEST, a political subdivision of the State of Florida,

**CIV-MOORE**

    Defendants.

_____/

**MAGISTRATE JUDGE O'SULLIVAN**

## COMPLAINT

COMES NOW Plaintiff, STEVEN LECKLITNER, by and through his undersigned counsel, files this Complaint against the Defendants, ROGER WAGNON, CHRISTOPHER GANEM, DONNA WAGNON, and THE CITY OF KEY WEST and alleges:

### INTRODUCTION

1. This is an action for monetary damages to redress the deprivation of civil rights secured by Plaintiff by the Civil Rights Act of 1871, 42 U.S.C. § 1983.

### JURISDICTION

2. The jurisdiction of the Court over this controversy is based upon the following:

(a) The Court's jurisdiction is conferred by 28 U.S.C § 1331 and § 1343 conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under any act of Congress providing for the protection of Civil Rights, 42 U.S.C. § 1981;



(b) the Court's supplemental jurisdiction to redress the unlawful and tortuous conduct described herein; and

(c) all alleged acts occurred in Monroe County, Florida.

## **PARTIES**

3. At all times material hereto, Plaintiff, STEVEN LECKLITNER is an individual who resides in Key West, Monroe County, Florida and is otherwise sui juris.

4. At all times relevant to this action, Defendant, ROGER WAGNON ("Lieutenant Wagnon"), is a duly appointed police officer and acting shift commander employed by the City of Key West and at all times relevant, is acting within his supervisory capacity within the scope of said employment in Monroe County, Florida, and upon information and belief, resides in Monroe County. As such, Mr. Wagnon is a duly appointed agent authorized to enforce the laws of Florida, and is acting under the color of the law of Florida at all times relevant to this action.

5. At all times relevant to this action, Defendant, CHRISTOPHER GANEM ("Officer Ganem"), is a duly appointed and acting police officer employed by the City of Key West and at all times relevant, is acting within the scope of said employment in Monroe County, Florida, and upon information and belief, resides in Monroe County. As such, Officer Ganem is a duly appointed agent authorized to enforce the laws of Florida, and is acting under the color of the law of Florida at all times relevant to this action.

6. At all times relevant to this action, Defendant, DONNA WAGNON ("Officer Wagnon"), is a duly appointed and acting police officer employed by the City of Key West and at all times relevant, is acting within the scope of said employment in Monroe County, Florida, and upon information and belief, resides in Monroe County. As such, Officer Wagnon is a duly

appointed agent authorized to enforce the laws of Florida, and is acting under the color of the law of Florida at all times relevant to this action.

7. Defendant, THE CITY OF KEY WEST ("CITY"), is a municipality created under the laws of the State of Florida, and is located in Monroe County, Florida.

8. All conditions precedent pursuant to Florida Statutes, § 768.28 have been met, including presenting a claim in writing to the City of key West and the State of Florida, Department of Insurance, of which evidence is herein attached as Exhibit "A".

## STATEMENT OF FACTS

9. On June 24, 2000, Plaintiff made a telephone call to the City of Key West police department after having a physical encounter with a male name Thomas Bliss. Shift Commander Lieutenant Wagnon along with Officer Christopher Ganem responded to Plaintiff's call. Lieutenant Wagnon took Plaintiff's statement and then provided Plaintiff with a victim's right brochure and advised Plaintiff to contact the State Attorney's office if Plaintiff wanted to file an assault charge against Thomas Bliss.

10. Plaintiff requested a written report of the incident from Lieutenant Wagnon in order to assist Plaintiff in obtaining a restraining order against Thomas Bliss, but Lieutenant Wagnon refused to provide Plaintiff with a written incident report. Plaintiff told Lieutenant Wagnon that the police were not doing their job by failing to investigate the assault complaint made by Plaintiff.

11. Plaintiff then requested from Lieutenant Wagnon to have a police escort Plaintiff to the house of a female acquaintance, who is a friend to Thomas Bliss, so that Plaintiff could retrieve personal property owned by the Plaintiff.

12. Once again, Lieutenant Wagnon refused to assist Plaintiff and advised Plaintiff to

file a civil action. Lieutenant Wagnon then became very upset and ordered Plaintiff to go inside the house or he would have Plaintiff arrested. Simultaneously, Lieutenant Wagnon pulled out a canister of pepper spray and stuck it in Plaintiff's face. At this time, Lieutenant Wagon stated to Plaintiff "go inside or be arrested for trespassing, I own this street".

13.     Plaintiff was much shaken over how Lieutenant Wagnon had dealt with him; so Plaintiff decided to file an internal affairs complaint against Lieutenant Roger Wagnon. Plaintiff went to Conch Republic Liquor Store to use the telephone so that he could call the internal affairs department.

14.     Plaintiff entered the liquor store, and made contact with Robert Salter, manager of the store. Plaintiff asks Robert Salter for permission to use the telephone. Plaintiff explained to Robert Salter how the police had dealt with him earlier and why Plaintiff wanted to use the telephone.

15.     Robert Salter gave Plaintiff to use the telephone. Plaintiff made two telephone phone calls, one to the City of Key West Police Department to inquire as to how to file an Internal Affairs complaint against Lieutenant Wagnon and one telephone call was made to Monroe County Sheriff's Office.

16.     Plaintiff called Monroe County Sheriff's Office to complain on the City of Key West police, specifically to inform the Sheriff's Office that certain City of Key West police officers were out of control. The Monroe County Sheriff's Office explained to Plaintiff that it was a City of Key West police matter. However, the Sheriff's Office took Plaintiff's name and location from which Plaintiff was calling, and advised Plaintiff to hold on the line while they send someone out.

17.     While Plaintiff was on hold and sitting behind the counter in Conch Republic Liquor Store, Lieutenant Wagnon shows up with five other police officers, including Officer

4

Ganem and Officer Wagnon. Lieutenant Wagnon along with Officer Wagnon walked into the liquor store, walks behind the counter and grabbed Plaintiff's arm and tried to take the phone out of Plaintiff's grasp.

18.     Plaintiff informed Lieutenant Wagnon, Officer Ganem and Officer Wagnon that he had permission to be in the store and that he was in the process of filing a complaint against Lieutenant Wagnon. Lieutenant Wagnon advised Plaintiff that Plaintiff was causing a disturbance and if Plaintiff did not leave the store he would he be arrested for trespassing.

19.     Lieutenant Wagnon and Officer Wagnon snatched the telephone out of Plaintiff's hand, grabbed Plaintiff by the arm and pulled Plaintiff out of the chair.

20.     Plaintiff then turns to Robert Salter and says this is illegal what the police are doing to me, and this is against my will.  Lieutenant Wagnon and Officer Wagnon grabbed their handcuffs, and under protest, Plaintiff decided to walk outside of the store.

21.     When the Plaintiff made it out of the store, several City of Key West police officers, including Lieutenant Wagnon, Officer Ganem and Officer Wagnon, formed a semi-circle around Plaintiff.  Officer Wagnon told Plaintiff to go home or be arrested for trespassing. Yet Plaintiff could not leave because the police had blocked Plaintiff's path.

22.     Lieutenant Wagnon, Officer Ganem and Officer Wagnon grabbed Plaintiff from behind, threw Plaintiff to the ground and with a tremendous amount of force, applied knees into Plaintiff's back.

23.     Officer Donna Wagnon hog tied Plaintiff with shackles. Plaintiff started yelling "police abuse". The louder Plaintiff screamed out abuse, the more Lieutenant Wagnon, Officer Ganem and/or Officer Wagnon would kick Plaintiff about his body. While Plaintiff was

handcuffed, Lieutenant Wagnon, Officer Ganem and/or Officer Wagnon, smashed Plaintiff's face into the concrete pavement causing bleeding and serious bodily injuries to Plaintiff.

24. Neither Lieutenant Wagnon, Officer Ganem and/or Officer Wagnon took any action to prevent the other officers from battering and kicking Plaintiff while Plaintiff was handcuffed on the ground.

25. Plaintiff was then transported to the hospital and then Monroe County Jail.

26. The force used by the Defendants, was unreasonable for the following reasons:

(a) the arresting officers did not have and knew that they did not have a reasonable basis to beat or to hit Plaintiff;

(b) the arresting officers knew that Plaintiff posed no threat at the time because Plaintiff was beaten, kicked, hog-tied and rendered immobile.

(c) the arresting officers knew that Plaintiff had not used any force or violence against any officer, particularly after Plaintiff was restrained;

(d) the arresting officers knew that Plaintiff had not attempted to escape.

27. As a result of the Defendants' above-described actions, Plaintiff has suffered (a) dental injuries, (b) exacerbated back injuries; (c) physical and emotional trauma to the extent that Plaintiff struggles daily with fear (d) embarrassment from physical injuries; and (e) pain and suffering.

### COUNT I
### CIVIL RIGHTS VIOLATION FOR EXCESSIVE FORCE
### BY ROGER WAGNON, CHRISTOPHER GANEM, AND DONNA WAGNON

28. Plaintiff realleges and reavers paragraphs 1 through 27 as if fully set forth herein and further states:

6

29. That this is an action under 42 U.S.C. § 1983 against LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON.

30. Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON, for no reasons other than frustration and malice, struck the body of Plaintiff numerous times with enough force to cause Plaintiff bodily harm and struck Plaintiff with enough force to cause Plaintiff to faint. At the time Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON, battered Plaintiff, Plaintiff posed no threat to the named Defendants nor did Plaintiff resist arrest prior to being beaten and violently thrown into the back of a paddy-wagon by Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON.

31. Neither Defendants, LIEUTENANT WAGNON, OFFICER GANEM nor OFFICER WAGNON, attempted to stop the other officers from beating Plaintiff nor did any police officer on the scene intervene on the behalf of Plaintiff; particularly when Plaintiff was being beaten while hogtied.

32. The Defendant police officers showed a deliberate indifference to the rights of Plaintiff while Plaintiff was in the custody of the Defendants. The above-described actions subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the Fourth Amendment and due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

33. As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendant police officers, Plaintiff sustained physical injury, great bodily pain, mental anguish, and was prevented from transacting his usual business.

WHEREFORE, Plaintiff demands judgment against Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON, for compensatory damages and pain and suffering, punitive damages upon a prima facia showing of entitlement thereto, and reasonable fees, costs and expenses related to the litigation pursuant to 42 U.S.C. § 1988, any further relief as this Court may deem just and proper.

## COUNT II
## ASSAULT AND BATTERY AGAINST
## ROGER WAGNON, CHRISTOPHER GANEM AND DONNA WAGNON

34. Plaintiff realleges and reavers paragraphs 1 through 27 as if fully set forth herein and further states:

35. Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON, willfully and maliciously assaulted and battered Plaintiff when they beat him repeatedly and violently in the paddy-wagon.

36. As a result of the assault and battery by Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON, Plaintiff suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendants, LIEUTENANT WAGNON, OFFICER GANEM and OFFICER WAGNON, for compensatory damages, pain and suffering, and any further relief as this Court may deem just and proper.

## COUNT III
## CIVIL RIGHTS VIOLATION BY CITY OF KEY WEST

37.   Plaintiff realleges and reavers paragraphs 1 through 27 as if fully set forth herein and further states:

38.   That this is an action under 42 U.S.C. § 1983 against THE CITY OF KEY WEST.

39.   That it is an accepted policy of the CITY to authorize and allow its police force to use excessive force against its citizens.

40.   Additionally, the CITY'S failure to correct allegations of excessive force, offensive conduct and actions against its citizens shows a deliberate indifference towards police misconduct, particularly when the CITY ignores internal affairs complaints against its police officers.

41.   The mistreatment of Plaintiff was caused by the existing policy of the CITY and said policy can be attributed to the inadequate training of the CITY'S police officers.

42.   The need for more or better training is obvious because of a pattern of constitutional violations exists, such that the CITY knew or should have known that corrective measures or better training was needed for its police officers.

43.   The above-described actions by the CITY subjected Plaintiff to a deprivation of rights and privileges secured to Plaintiff by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

44.   As a direct and proximate result of the above-mentioned unconstitutional acts of the CITY, Plaintiff sustained physical injury, great bodily pain, mental anguish, incurred legal expenses, and was prevented from transacting his usual business.

WHEREFORE, Plaintiff demands judgment against THE CITY OF KEY WEST compensatory damages and pain and suffering, punitive damages upon a prima facia showing of

entitlement thereto, and reasonable fees, costs and expenses related to the litigation pursuant to 42 U.S.C. § 1988, any further relief as this Court may deem just and proper.

## COUNT IV
## NEGLIGENT SUPERVISION AGAINST ROGER WAGNON

45. Plaintiff realleges and reavers paragraphs 1 through 27 as if fully set forth herein and further states:

46. This is an action under the principles of common law and Florida law for negligence against ROGER WAGNON, as an individual and as an official with the City of Key West.

47. Defendant ROGER WAGNON, in his capacity as shift commander, had a duty to exercise reasonable care so as to control his subordinate employees, OFFICER CHRISTOPHER GANEM and OFFICER DONNA WAGNON, so as to prevent said employees from intentionally harming persons by excessive force out of frustration or anger against persons, such as Plaintiff.

48. Defendant, ROGER WAGNON, knew or should have known that he had the ability to control his employees, and knew or should have known of the necessity and opportunity for exercising such control.

49. Defendant, ROGER WAGNON, breached his duty by failing to exercise the level of care which under all circumstances a reasonable prudent person would have exercised in supervising employees in Defendants, CHRISTOPHER GANEM and DONNA WAGNON'S positions, to wit: Defendant, ROGER WAGNON, failed to take any action to prevent further harm.

50. As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendant ROGER WAGNON, Plaintiff sustained physical injury, great bodily pain, mental anguish, incurred legal expenses, deprivation of liberty and was prevented from transacting his usual business.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages against ROGER WAGNON, individually, upon a prima facia showing of entitlement thereto, special damages as outlined above, together with interest, and costs, and any other relief this Court deems just and proper.

## COUNT V
## NEGLIGENT RETENTION AGAINST CITY OF KEY WEST

51. Plaintiff realleges and reavers paragraphs 1 through 27 as if fully set forth herein and further states:

52. This is an action under the principles of common law and Florida law for negligence against CITY OF KEY WEST based on the acts of its Chief of Police.

53. ROGER WAGNON engaged in unprofessional conduct exhibiting mistreatment and harassment of various individuals, including the Plaintiff.

54. Defendant, CITY, knew or should have known of Defendant, ROGER WAGNON'S, conduct of engaging in mistreatment of persons and unprofessional conduct toward individuals.

55. At the time Defendant, CITY, became aware or should have become aware of the problems with Defendant, ROGER WAGNON, the CITY had a duty to take actions to prevent further and future harm, including, but not limited to, conducting an investigation into the

behavior of GANEM, MR. WAGNON, and MRS. WAGNON offering better training, and reassigning and/or discharging GANEM, MR. WAGNON, and MRS. WAGNON.

56. Defendant, CITY, breached its duty to Plaintiff by failing to exercise the level of care which under all circumstances a reasonable prudent Chief of Police in his official capacity would have exercised in not retaining Defendants, GANEM, MR. WAGNON, and MRS. WAGNON, to wit: Defendant, CITY failed to take any action to prevent further harm.

57. As a direct and proximate result of the above-mentioned unconstitutional acts of the Defendant CITY, Plaintiff sustained physical injury, great bodily pain, mental anguish, incurred legal expenses, deprivation of liberty and was prevented from transacting his usual business.

WHEREFORE, Plaintiff demands judgment against CITY for compensatory damages, punitive damages against CITY, individually, upon a prima facia showing of entitlement thereto, special damages as outlined above, together with interest, and costs, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

LAW OFFICES OF CORNELIUS SHIVER, P.A.
Attorney for Plaintiff
226 E. Flagler Street, Suite 200
Miami, Florida 33131
Telephone: (305) 416-4400
Facsimile: (305) 416-4411

By: _____
CORNELIUS SHIVER, ESQ.
Florida Bar No. 0002852

# LAW OFFICES OF CORNELIUS SHIVER, P.A.
### 3337 Thomas Ave.
### Miami, FL 33133

Tel. No.: (305) 441-8202        Fax No.: (305) 447-9555

September 18, 2001

CERTIFIED MAIL. R.R.R. 7000 0520 0016 7470 3240

Honorable Jimmy Weekley, Office of the Mayor, City of Key West, P. O. Box 1409 Key West, FL 33041

     RE:      My Client:      Steven Lecklitner
                Date of Incident      June 24, 2000

Dear Sir(s):

     In anticipation of reaching an amicable settlement on the claim described below, please be advised that we shall sue the City of Key West and others unless a proper settlement is not forthcoming.

     Steven Lecklitner, by and through undersigned counsel, hereby serves notice pursuant to Florida Statute section 768.28 of his intent to initiate litigation for false arrest and malicious prosecution caused by your officers and employees, particularly, Roger Wagnon, Donna Wagnon, Officer Christopher Ganem, Officer Sims and Officer Deloach.

     Pursuant to Florida Statute, Section 768.28(6)(c), we would provide the following information:

         Date of Birth:      08/21/64
         Place of Birth:      Lawton, Oklahoma
         Soc. Sec. No.:      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
         Pending Unpaid Claims: None

     Therefore, pursuant to the provisions of Florida Statute Section 768.28, you are hereby notified of this claim against the City of Key West. Please refer this claim to your insurance carrier and have them promptly notify me in writing within ten days from date of this letter.

                                                     Very truly yours,

                                                     Cornelius Shiver

Department of Insurance
The Capitol,
Tallahassee, Florida 32399-0300
CERTIFIED MAIL. R.R.R. 7000 0520 0016 7470 3257

Exhibit "A"

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

04-10042

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Steven Lecklitner

**DEFENDANTS**
Roger Wagner, Christopher Ganem, Donna Wagner and The City of Key West

CIV-MOORE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Monroe
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Monroe
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Monroe / 04-10042 CIV Kmm / O'Sullivan

MAGISTRATE JUDGE
O'SULLIVAN

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
The Law Offices of Cornelius Shiver
226 E. Flagler, Suite 200
Miami, FL 33131  Tel: (305) 416-4400

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, (MONROE), BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | B☐ 640 R.R. & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | A☐ 535 Death Penalty | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | B☐ 540 Mandamus & Other | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☒ 440 Other Civil Rights | B☐ 550 Civil Rights | A☐ 791 Empl. Ret. Inc Security Act | A OR B |
| | | B☐ 555 Prison Condition | A☐ 871 IRS – Third Party 26 USC 7609 | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 USC § 1983

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

$150.00  902809

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE  6/9/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT $150.00  APPLYING IFP _____  JUDGE 902809  MAG. JUDGE _____

06/10/04